UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SATISH JHA,<br><br>        Plaintiff,<br><br>v.<br><br>ONE LAPTOP PER CHILD ASSOCIATION, INC., ONE LAPTOP PER CHILD FOUNDATION, and RODRIGO ARBOLEGA,<br><br>        Defendants. | Civil Action No. 14-cv-12269 |

**<u>DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT</u>**

Defendants One Laptop Per Child Association, Inc. ("OLPCA"), One Laptop Per Child Foundation ("OLPCF," and collectively with OLPCA, "OLPC"), and Rodrigo Arboleda (collectively, "Defendants"), by and through their undersigned counsel, hereby respond to the numbered paragraphs of Plaintiff's Original Complaint as follows:

## I.  INTRODUCTION

1. Denied.

2. Denied.

3. Denied.

4. Paragraph 4 merely names the claims brought. To the extent a response is required, Defendants deny Plaintiff's claims for breach of contract, fraudulent inducement, and quantum meruit.

## II.  PARTIES

5. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 5.

15130450.3

6. Defendants deny that OLPCA is a for-profit corporation, but admit that OLPCA has a principal place of business at 848 Brickell Avenue, Suite 307, Miami, FL 33131 and the remaining allegations in paragraph 6.

7. Defendants deny Plaintiff's allegations regarding the existence of a registered agent for OLPCF in Florida, but admit that OLPCF has a principal place of business at 848 Brickell Avenue, Suite 307, Miami, FL 33131 and the remaining allegations in paragraph 7.

8. Defendants admit Plaintiff's allegations regarding Mr. Arboleda's residence and that Mr. Arboleda was Chief Executive Officer of OLPCA, but deny that Mr. Arboleda was Chief Executive Officer of OLPCF.

### III. SUBJECT MATTER JURISDICTION AND VENUE

9. Defendants admit only that Plaintiff's Complaint seeks a recovery of more than $75,000 and that the parties are diverse, such that jurisdiction is proper in this Court. Defendants deny that Plaintiff is entitled to any recovery.

10. Defendants admit only that venue is proper in this District and that Defendants transacted business in this District, but deny the remaining allegations in paragraph 10.

11. Defendants admit only that they engaged in interstate commerce, including within this District, but deny the remaining allegations in paragraph 11.

12. Denied.

13. Denied.

14. Defendants admit only that venue is proper in this District, but deny the remaining allegations in paragraph 14.

15. Paragraph 15 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the Court may exercise jurisdiction over

15130450

Plaintiff's claims.

## IV. FACTS

16. Defendants admit only that in or about July 2008, Nicholas Negroponte and Plaintiff discussed Plaintiff's potential involvement in OLPCA's efforts in India.

17. Admitted.

18. Admitted.

19. Denied.

20. Denied.

21. Admitted.

22. Defendants admit only that following execution of the contract referenced in paragraph 17, Plaintiff spent time in India purportedly for the purpose of promoting OLPC's activities and products. Defendants deny all other allegations in paragraph 22.

23. Defendants admit only that OLPC retained independent contractors to assist with OLPC's efforts in India. Defendants deny all other allegations in paragraph 23.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendants admit only that after December 31, 2008, OLPC compensated Plaintiff for services purportedly performed on OLPC's behalf and reimbursed certain of Plaintiff's purported expenses. Defendants deny all other allegations in paragraph 28.

29. Denied.

30. Defendants lack sufficient knowledge or information to admit or deny the

15130450

allegations in paragraph 30.

31. Defendants admit only that Plaintiff purported to promote OLPC's activities and products in India, and that for a limited period of time, to the extent he did so, it was with OLPC's knowledge and consent. Defendants lack sufficient knowledge or information to admit or deny whether or to what extent Plaintiff engaged in "meetings with chief ministers, education ministers, secretaries, other senior government officials and conveners of various state and national government sponsored educational programs."

32. Defendants lack sufficient knowledge or information to admit or deny whether or to what extent Plaintiff engaged in "projects such as Sarva Sikhsha Abhiyan."

33. Defendants lack sufficient knowledge or information to admit or deny whether or to what extent Plaintiff "arranged for coverage in the media, including appearing on various television channels."

34. Defendants admit only that Plaintiff facilitated meetings in India between OLPC personnel and Indian officials. Defendants lack sufficient knowledge or information to admit or deny Plaintiff's characterization that those officials held "key posts and positions in India."

35. Because this allegations is vague, ambiguous, and unintelligible in this context, Defendants lack sufficient knowledge or information to admit or deny it.

36. Denied.

37. Denied.

38. Defendants deny that after April 2009, OLPC provided no further expense reimbursements to Plaintiff. Defendants admit that after April 2009, OLPC stopped paying Plaintiff a monthly fee. Defendants lack sufficient knowledge or information to admit or deny whether Plaintiff submitted invoices for May and June 2009, but admit that Plaintiff was not paid

15130450

any fee for those months.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Defendants admit only that OLPC retained Sanjeev Choudhary in or about November 2011 and Ajay Nath in or about February 2012 as independent consultants to assist with OLPC's efforts in India. Defendants deny all other allegations in paragraph 44.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Defendants lack sufficient knowledge or information to admit or deny whether or to what extent Plaintiff procured the assistance of volunteers in India, to whom any such volunteers purportedly provided services, and whether or to what extent they sought or obtained reimbursement for their expenses from Plaintiff. Defendants deny that Mr. Arboleda made any representation to Plaintiff that "he would be reimbursed and made whole" and/or that Plaintiff

15130450

relied on any such representation.

55. Denied.

56. Defendants admit only that OLPC reimbursed Plaintiff for certain bona fide, approved, documented travel expenses in 2011 and through July 2012.

57. Defendants admit only that Plaintiff has not been paid or reimbursed any money by OLPC since approximately July 2012. Defendants deny that there are "outstanding monies due Plaintiff for his services" or that Plaintiff is "due [payment] for his services from May 2009 to September 6, 2012."

58. Denied.

59. Denied.

60. Defendants lack sufficient knowledge or information to admit or deny whether or to what extent Plaintiff was "extremely disappointed" as alleged in paragraph 60. Defendants deny all other allegations in paragraph 60.

61. Defendants deny Plaintiff's characterizations of the events and communications alleged in paragraph 61.

62. Denied.

63. Admitted.

64. Admitted.

65. Denied.

66. Denied.

67. Denied.

## V.

### COUNT ONE: Breach of Contract

68. Defendants admit only that Plaintiff and OLPCA entered into a written contract dated July 29, 2008. Defendants deny all other allegations in paragraph 68.

69. Denied.

70. Denied

### COUNT TWO: Quantum Meruit

71. The first sentence of Paragraph 71 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to recover the sum alleged, or any sum, on the theory of quantum meruit. Defendants deny all other allegations in paragraph 71.

### COUNT THREE: Fraud and Fraudulent Inducement

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

### JURY DEMAND

77. Paragraph 77 alleges a legal conclusion to which no response is required.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, and each Count therein, fails to state facts sufficient to constitute a plausible claim for relief against Defendants.

15130450

...

**SECOND DEFENSE**

Plaintiffs' claim for breach of contract is barred because as there is no contract upon which such claim is based.

**THIRD DEFENSE**

Although Defendants deny that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges that Plaintiff has failed to mitigate his purported damages, and further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

**FOURTH DEFENSE**

Plaintiff consented to and/or voluntarily participated in the conduct, if any, alleged in the Complaint, and therefore he is not entitled to any recovery against Defendants.

**FIFTH DEFENSE**

Plaintiff's Complaint, and each Count therein, is barred by the doctrine of waiver.

**SIXTH DEFENSE**

Plaintiff's Complaint, and each Count therein, is barred by the doctrine of estoppel.

**SEVENTH DEFENSE**

Plaintiff's Complaint, and each Count therein, is barred by the doctrine of unclean hands.

**EIGHTH DEFENSE**

Plaintiff's Complaint, and each Count therein, is barred by the statute of frauds.

**NINTH DEFENSE**

Plaintiff's Complaint, and each Count therein, is barred in whole or in part by the applicable statutes of limitations.

**TENTH DEFENSE**

Plaintiff's Complaint, and each Count therein, is barred in whole or in part by the doctrine of laches.

**ELEVENTH DEFENSE**

Although Defendants deny that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendants allege that the proximate cause of such damage was Plaintiff's own conduct and/or negligence, and that any recovery against Defendants should be reduced or eliminated accordingly.

**TWELFTH DEFENSE**

Although Defendants deny that they had any contractual obligation to Plaintiff as alleged in the Complaint, if it should be determined that they had any such obligation, Defendants further performance under any such contract was excused by Plaintiff's anticipatory and/or material breach of such contract.

**RESERVATION OF RIGHTS**

Defendants reserve the right to set forth additional affirmative defenses based on further investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants each deny any legal obligation or liability to Plaintiff Satish Jha, pray that the Plaintiff take nothing, and respectfully request that this Court:

(a) Deny all relief sought by Plaintiff;

(b) Enter judgment in their favor on each and every claim set forth in the Complaint; and

15130450

(c)     Award Defendants their costs and fees incurred, including but not limited to reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

ONE LAPTOP PER CHILD ASSOCIATION, INC., ONE LAPTOP PER CHILD FOUNDATION, and RODRIGO ARBOLEDA,

By their attorneys,

Dated:  September 22, 2014

/s/ Matthew J. Frankel
Andrew B. Prescott, (BBO# 551941)
Matthew J. Frankel, (BBO# 664228)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Telephone:  (617) 345-1000
Facsimile:  (617) 345-1300
aprescott@nixonpeabody.com
mfrankel@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 22, 2014.

/s/ Matthew J. Frankel

15130450