UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SATISH JHA,<br><br>        Plaintiff,<br><br>v.<br><br>ONE LAPTOP PER CHILD ASSOCIATION, INC., ONE LAPTOP PER CHILD FOUNDATION, RODRIGO ARBOLEDA, and NICHOLAS NEGROPONTE<br><br>        Defendants. | Civil Action No. 14-cv-12269 |

## DEFENDANT NEGROPONTE'S ANSWER
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Nicholas Negroponte ("Defendant"), by and through his undersigned counsel, hereby responds to the numbered paragraphs of Plaintiff's First Amended Complaint as follows:

### I. INTRODUCTION

1.    Denied.

2.    Denied.

3.    Denied.

4.    Paragraph 4 merely names the claims brought. To the extent a response is required, Defendant denies Plaintiff's claims for breach of contract, fraudulent inducement, and quantum meruit.

### II. PARTIES

5.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 5.

6.    Defendant denies that OLPCA is a for-profit corporation, but admits that OLPCA has a principal place of business at 848 Brickell Avenue, Suite 307, Miami, FL 33131 and the

4832-0728-7586.2

remaining allegations in paragraph 6.

7. Defendant denies Plaintiff's allegations regarding the existence of a registered agent for OLPCF in Florida, but admits that OLPCF has a principal place of business at 848 Brickell Avenue, Suite 307, Miami, FL 33131 and the remaining allegations in paragraph 7.

8. Defendant admits Plaintiff's allegations regarding Mr. Arboleda's residence and that Mr. Arboleda was Chief Executive Officer of OLPCA, but denies that Mr. Arboleda was Chief Executive Officer of OLPCF.

9. Admitted.

10. Defendant denies that he served as an officer of OLPCA, but admits the remaining allegations in paragraph 10.

### III. SUBJECT MATTER JURISDICTION AND VENUE

11. Defendant admits only that Plaintiff's Complaint seeks a recovery of more than $75,000 and that the parties named in the original Complaint are diverse, such that jurisdiction is proper in this Court. Defendant denies that Plaintiff is entitled to any recovery.

12. Defendant admits only that venue is proper in this District and that Defendants transacted business in this District, but deny the remaining allegations in paragraph 12.

13. Defendant admits only that Defendants engaged in interstate commerce, including within this District, but denies the remaining allegations in paragraph 13.

14. Denied.

15. Denied.

16. Defendant admits only that venue is proper in this District, but denies the remaining allegations in paragraph 16.

17. Paragraph 17 alleges a legal conclusion to which no response is required. To the

4832-0728-7586.2

- 2 -

extent a response is required, Defendant admits that the Court may exercise jurisdiction over Plaintiff's claims.

## IV. FACTS

18. Defendant admits only that in or about July 2008, Defendant Negroponte and Plaintiff discussed Plaintiff's potential involvement in OLPCA's efforts in India.

19. Admitted.

20. Admitted.

21. Denied.

22. Denied.

23. Admitted.

24. Defendant admits only that following execution of the contract referenced in paragraph 19, Plaintiff spent time in India purportedly for the purpose of promoting OLPC's activities and products. Defendant denies all other allegations in paragraph 24.

25. Denied.

26. On information and belief, Defendant admits only that OLPC retained independent contractors to assist with OLPC's efforts in India. Defendant denies all other allegations in paragraph 26.

27. Denied.

28. On information and belief, Defendant admits only that after December 31, 2008, OLPC compensated Plaintiff for services purportedly performed on OLPC's behalf and reimbursed certain of Plaintiff's purported expenses. On information and belief, Defendant denies all other allegations in paragraph 28.

29. On information and belief, Defendant denies the allegations in paragraph 29.

30. On information and belief, Defendant denies the allegations in paragraph 30.

31. On information and belief, Defendant denies the allegations in paragraph 31.

32. On information and belief, Defendant denies the allegations in paragraph 32.

33. Denied.

34. On information and belief, Defendant admits that OLPC communicated in writing with Plaintiff in July 2012 to inform him that his relationship with OLPC had been terminated and that this information was published on the internet. On information and belief, Defendant denies the remaining allegations in paragraph 34.

35. On information and belief, Defendant denies the allegations in paragraph 35.

36. Denied.

37. Denied.

38. On information and belief, Defendant admits only that after December 31, 2008, OLPC compensated Plaintiff for services purportedly performed on OLPC's behalf and reimbursed certain of Plaintiff's purported expenses. On information and belief, Defendant denies all other allegations in paragraph 38.

39. Denied.

40. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 40.

41. Defendant admits only that Plaintiff purported to promote OLPC's activities and products in India, and that for a limited period of time, to the extent he did so, it was with OLPC's knowledge and consent. Defendant lacks sufficient knowledge or information to admit or deny whether or to what extent Plaintiff engaged in "meetings with chief ministers, education ministers, secretaries, other senior government officials and conveners of various state and

national government sponsored educational programs."

42. Defendant lacks sufficient knowledge or information to admit or deny whether or to what extent Plaintiff engaged in "projects such as Sarva Sikhsha Abhiyan."

43. Defendant lacks sufficient knowledge or information to admit or deny whether or to what extent Plaintiff "arranged for coverage in the media, including appearing on various television channels."

44. Defendant admits only that Plaintiff facilitated meetings in India between OLPC personnel and Indian officials. Defendant lacks sufficient knowledge or information to admit or deny Plaintiff's characterization that those officials held "key posts and positions in India."

45. Because this allegation is vague, ambiguous, and unintelligible in this context, Defendant lacks sufficient knowledge or information to admit or deny it.

46. Denied.

47. Because this allegation is vague, ambiguous, and unintelligible in this context, Defendant lacks sufficient knowledge or information to admit or deny it.

48. On information and belief, Defendant denies the allegations in paragraph 48.

49. Denied.

50. On information and belief, Defendant denies that after April 2009, OLPC provided no further expense reimbursements to Plaintiff. On information and belief, Defendant admits that after April 2009, OLPC stopped paying Plaintiff a monthly fee. Defendant lacks sufficient knowledge or information to admit or deny whether Plaintiff submitted invoices for May and June 2009, but, on information and belief, admits that Plaintiff was not paid any fee for those months.

51. On information and belief, Defendant denies the allegations in paragraph 51.

52. Denied.

53. Denied.

54. On information and belief, Defendant denies the allegations in paragraph 54.

55. On information and belief, Defendant denies the allegations in paragraph 55.

56. On information and belief, Defendant admits only that OLPC retained Sanjeev Choudhary in or about November 2011 and Ajay Nath in or about February 2012 as independent consultants to assist with OLPC's efforts in India. On information and belief, Defendant denies all other allegations in paragraph 56.

57. On information and belief, Defendant denies the allegations in paragraph 57.

58. Denied.

59. Denied.

60. On information and belief, Defendant denies the allegations in paragraph 60.

61. On information and belief, Defendant denies the allegations in paragraph 61.

62. Denied.

63. On information and belief, Defendant denies the allegations in paragraph 63.

64. On information and belief, Defendant denies the allegations in paragraph 64.

65. On information and belief, Defendant denies the allegations in paragraph 65.

66. Defendant lacks sufficient knowledge or information to admit or deny whether or to what extent Plaintiff procured the assistance of volunteers in India, to whom any such volunteers purportedly provided services, and whether or to what extent they sought or obtained reimbursement for their expenses from Plaintiff. On information and belief, Defendant denies that Mr. Arboleda made any representation to Plaintiff that "he would be reimbursed and made whole" and/or that Plaintiff relied on any such representation.

67.  On information and belief, Defendant denies the allegations in paragraph 67.

68.  On information and belief, Defendant admits only that OLPC reimbursed Plaintiff for certain bona fide, approved, documented travel expenses in 2011 and through July 2012. On information and belief, Defendant denies the remaining allegations in paragraph 68.

69.  On information and belief, Defendant admits only that Plaintiff has not been paid or reimbursed any money by OLPC since approximately July 2012. Defendant denies that there are "outstanding monies due Plaintiff for his services."

70.  Denied.

71.  Denied.

72.  Denied.

73.  Defendant lacks sufficient knowledge or information to admit or deny whether or to what extent Plaintiff was "extremely disappointed" as alleged in paragraph 73. On information and belief, Defendant denies all other allegations in paragraph73.

74.  On information and belief, Defendant denies Plaintiff's characterizations of the events and communications alleged in paragraph 74.

75.  On information and belief, Defendant denies the allegations in paragraph 75.

76.  On information and belief, Defendant admits the allegations in paragraph 76.

77.  On information and belief, Defendant admits the allegations in paragraph 77.

78.  On information and belief, Defendant denies the allegations in paragraph 78.

79.  On information and belief, Defendant denies the allegations in paragraph 79.

80.  Denied.

## V.

### COUNT ONE: Breach of Contract

81. Defendant admits only that Plaintiff and OLPCA entered into a written contract dated July 29, 2008. Defendant denies all other allegations in paragraph 81.

82. Denied.

83. Denied

### COUNT TWO: Quantum Meruit

84. The first sentence of Paragraph 84 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to recover the sum alleged, or any sum, on the theory of quantum meruit. Defendant denies all other allegations in paragraph 84.

### COUNT THREE: Fraud and Fraudulent Inducement

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

### JURY DEMAND

90. Paragraph 90 alleges a legal conclusion to which no response is required.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, and each Count therein, fails to state facts sufficient to constitute a plausible claim for relief against Defendant.

4832-0728-7586.2

## SECOND DEFENSE

Plaintiffs' claim for breach of contract is barred because there is no contract upon which such claim is based.

## THIRD DEFENSE

Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges that Plaintiff has failed to mitigate his purported damages, and further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

## FOURTH DEFENSE

Plaintiff consented to and/or voluntarily participated in the conduct, if any, alleged in the Complaint, and therefore he is not entitled to any recovery against Defendant.

## FIFTH DEFENSE

Plaintiff's Complaint, and each Count therein, is barred by the doctrine of waiver.

## SIXTH DEFENSE

Plaintiff's Complaint, and each Count therein, is barred by the doctrine of estoppel.

## SEVENTH DEFENSE

Plaintiff's Complaint, and each Count therein, is barred by the doctrine of unclean hands.

## EIGHTH DEFENSE

Plaintiff's Complaint, and each Count therein, is barred by the statute of frauds.

## NINTH DEFENSE

Plaintiff's Complaint, and each Count therein, is barred in whole or in part by the applicable statutes of limitations.

### TENTH DEFENSE

Plaintiff's Complaint, and each Count therein, is barred in whole or in part by the doctrine of laches.

### ELEVENTH DEFENSE

Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges that the proximate cause of such damage was Plaintiff's own conduct and/or negligence, and that any recovery against Defendants should be reduced or eliminated accordingly.

### TWELFTH DEFENSE

Although Defendant denies that he had any contractual obligation to Plaintiff as alleged in the Complaint, if it should be determined that he had any such obligation, Defendant's further performance under any such contract was excused by Plaintiff's anticipatory and/or material breach of such contract.

### RESERVATION OF RIGHTS

Defendant reserves the right to set forth additional affirmative defenses based on further investigation and discovery.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant denies any legal obligation or liability to Plaintiff Satish Jha, pray that the Plaintiff take nothing, and respectfully request that this Court:

(a) Deny all relief sought by Plaintiff;

(b) Enter judgment in his favor on each and every claim set forth in the Complaint; and

4832-0728-7586.2

(c)     Award Defendant his costs and fees incurred, including but not limited to reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

NICHOLAS NEGROPONTE

By his attorneys,

/s/ Matthew J. Frankel
Andrew B. Prescott, (BBO# 551941)
Matthew J. Frankel, (BBO# 664228)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
aprescott@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: February 24, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 24, 2015.

/s/ Matthew J. Frankel

4832-0728-7586.2