UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SATISH JHA,<br><br>              Plaintiff,<br><br>   v.<br><br>ONE LAPTOP PER CHILD ASSOCIATION, INC., ONE LAPTOP PER CHILD FOUNDATION, RODRIGO ARBOLEDA, and NICHOLAS NEGROPONTE,<br><br>              Defendants. | Civil Action No. 14-cv-12269-JGD |

# JOINT MOTION FOR LEAVE TO COMPLETE DEPOSITIONS NOTWITHSTANDING CLOSE OF LOCAL DISCOVERY AND [PROPOSED] ORDER

All parties, by and through their respective counsel, hereby respectfully and jointly move for an order permitting the parties to complete six[1] agreed-to depositions presently scheduled for the first two weeks of March, notwithstanding the close of local (domestic) discovery on March 1, 2016.  As explained below, the parties have, to date, conducted extensive local discovery and expect to complete all written and document discovery by March 1, but require two additional weeks to complete certain specified depositions.  As grounds for this motion, the parties stipulate and agree as follows:

1.    To date, the parties have engaged in extensive discovery.  After the initial scheduling conference on December 10, 2014, the parties exchanged initial disclosures in February 2015.  Between March 2015 and the date of this motion, the parties have exchanged

---

[1] The parties are currently discussing the potential need for an additional Rule 30(b)(6) deposition of the defendant organizations, beyond the six agreed-to depositions.  If the parties cannot reach agreement in this respect, Plaintiff reserves the right to seek court intervention if he deems it necessary and Defendants reserve the right to oppose any such motion.

thousands of pages of documents; propounded and responded to multiple sets of interrogatories and document requests; and engaged in third party discovery through subpoena process.

2. To date, the parties have also conducted numerous depositions. Defendants commenced Mr. Jha's deposition in early October 2015, resulting in two days of testimony, but the deposition was not completed. Mr. Jha has agreed to one more day of deposition testimony in light of Defendants' position that another day is required to complete his deposition. Plaintiff conducted the depositions of Defendants Rodrigo Arboleda and Nicholas Negroponte in January. In early February, Defendants conducted the deposition of Mr. Jha's spouse, Mona Chopra, in Boston, and the deposition of his former spouse, Dr. Amita Deepak Jha, in Washington, D.C.

3. Following the depositions of Defendants Arboleda and Negroponte, Plaintiff gave notice of his intent to depose five non-party witnesses who are current or former officers, employees, or agents of certain of the Defendants: Robert Hacker, Sharon Lally, Walter Bender, Charles Kane, and David Robertson. To avoid the inconvenience and expense of subpoena process or related motion practice, the parties and deponents agreed to schedule voluntary deposition appearances on mutually agreeable dates. Based on the schedules of all interested parties, the earliest dates these depositions can reasonably be conducted are March 4 (Robert Hacker in Miami, Florida), March 8 (Walter Bender and Sharon Lally in Boston), and March 9 (Charles Kane and David Robertson in Boston). The parties have also agreed to complete Mr. Jha's deposition on March 14, 2016, in Boston.

4. Through a joint motion filed on October 30, 2015, the parties stipulated, *inter alia*, to extend the local discovery deadline to March 1, 2016, and the joint status report due date to March 15, 2016. The Court allowed that motion via electronic order dated November 3, 2015. The Court's order stated that no further extensions would be permitted without good cause.

5.      Through this joint motion, the parties do not seek to extend the discovery deadline *in toto*. Rather, the parties intend to complete all local written and document discovery by March 1, 2015. The parties simply seek the Court's leave to conduct the six depositions described in paragraph 3, above, during the two weeks following the close of discovery.[2]

6.      The requirement to show good cause to support this request is satisfied. First, the parties have continued to pursue discovery, including depositions, further interrogatories and document requests, and third party subpoena discovery, since the Court's November 3 electronic order. Second, the depositions of the five non-party witnesses were scheduled with their agreement, thus avoiding disruption of their schedules or that of the Court. Minimizing the burden on non-litigant witnesses and cooperating to avoid needless motion practice also constitutes good cause to permit these depositions to go forward after the close of local discovery on March 1. Third, the parties believe that once these depositions are completed, they will be in a better position to mediate or otherwise engage in meaningful settlement discussions. Because these depositions will advance the potential of settlement, good cause exists to permit them to go forward as scheduled. Finally, permitting these additional depositions will not otherwise affect any pending litigation deadlines (except the joint status report discussed in paragraph 7, below), nor prejudice the Court or the parties. Accordingly, good cause exists to allow this joint motion.

7.      The Court's November 3 electronic order also set a March 15 due date for the submission of a joint status report. In light of the foregoing, the parties respectfully request that this due date be extended to April 1, 2015.

---

[2] To the extent the parties can agree on an additional Rule 30(b)(6) deposition as discussed in footnote, 1, *supra*, the parties hereby stipulate that the Court's order requested herein will apply to that deposition, as well.

8. Other than as expressly set forth herein, the parties do not seek to alter any other aspect of their stipulation and joint motion dated October 30, 2015, or the Court's November 3, 2015, electronic order allowing that motion. The parties anticipate participating in private mediation following the close of local discovery, and if that fails, they propose to present the Court with a joint report setting forth their respective positions on whether, to what extent, and when discovery, if any, should proceed in India.

WHEREFORE, the parties jointly and respectfully request that the Court ENTER the following proposed ORDER:

(A) The parties shall be permitted to conduct the depositions identified in this joint motion, notwithstanding the close of discovery on March 1, 2015.

(B) The Joint Status Report due date is extended to April 1, 2016.

IT IS SO STIPULATED.

| SATISH JHA | ONE LAPTOP PER CHILD ASSOCIATION, INC., ONE LAPTOP PER CHILD FOUNDATION, RODRIGO ARBOLEDA, and NICHOLAS NEGROPONTE |
|---|---|
| By his attorneys, | By their attorneys, |
| */s/ Robert J. Bonsignore*<br>ROBERT J. BONSIGNORE, ESQ.<br>Bonsignore, LLC<br>3771 Meadowcrest Drive<br>Las Vegas, Nevada 89121<br>Telephone: (781) 856-7650<br>rbonsignore@classactions.us | */s/ Matthew J. Frankel*<br>Andrew B. Prescott, (BBO# 551941)<br>Matthew J. Frankel, (BBO# 664228)<br>Nixon Peabody LLP<br>100 Summer Street<br>Boston, MA 02110<br>Telephone: (617) 345-1000<br>Facsimile: (617) 345-1300<br>aprescott@nixonpeabody.com<br>mfrankel@nixonpeabody.com |

PURSUANT TO STIPULATION AND
GOOD CAUSE APPEARING, IT IS SO ORDERED.

_____     _____
U.S. Magistrate Judge Judith Dein           Date

## **CERTIFICATE OF SERVICE**

    I, Matthew J. Frankel, hereby certify that this document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent via first class mail to those indicated as non-registered participants, if any, on February 26, 2016.

                                              */s/ Matthew J. Frankel*

4843-2415-2110.3